KLEIN, J.
The appellant father moved to modify child support, based on the fact that two of the parties’ three children had reached the age of majority, and because he had suffered a substantial reduction in income. The trial court concluded that he had contracted away reductions when some of the children reached majority and had not demonstrated a change in circumstances as to his income. We affirm.
The marriage of the parties was dissolved in 1997, and the marital settlement agreement was later amended to provide, in regard to future child support, as follows:
The Father shall pay child support to the Mother in the amount of $2,200.00 per month commencing September 25, 2001, and continuing each month until such time as the parties’ minor child, ZIVA, turns 18 years of age. Therefore, the Father’s last child support payment of $2,200.00 per month shall be on November 25, 2008. This sum shall continue to be paid even through the parties’ other minor children will have reached the age of majority prior to ZIVA. It is the intention of the parties that this amount be non-modifiable and it be continuous so that there is not a further need for the parties to have to seek modification of child support. Both parties are aware that the Mother believes she is entitled to support in excess of $2,200.00 per month, and that the Father believes the Mother is entitled to support in a lesser amount. The Father shall not request a reduction in his child support obligation for any reason whatsoever including but not limited to loss or reduction of income. The Mother shall not request an increase in the Father’s child support obligation for any reason whatsoever including but not limited to an increase in the Father’s income.
The trial court interpreted this child support provision to be an agreement that the emancipation of the two older children would not be a change in circumstances on which modification could be based, and that the entire $2,200 a month was intended to be child support for the youngest child, once the others reached majority. We agree with the trial court’s construction of the agreement, and without further discussion, find no error in the denial of modification based on the father’s reduced income. Affirmed.
TAYLOR and DAMOORGIAN, JJ., concur.